No. 25,337.

## W. J. FARRAR, *Appellee,* v. FRED PERKINS, *Appellant.*

### SYLLABUS BY THE COURT.

DURESS—*Action for Money—Money and Contract Obtained by Duress—Cause of Action Stated—Cancellation of Contract.* Allegations of a petition considered, and held to disclose that a payment of money was made and a contract was signed under moral duress; that the payment and contract were without consideration, and were induced by fraud; and that in other respects a cause of action was stated, by the proper party, for recovery of the money and for cancellation of the contract.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed June 7, 1924. Affirmed.

*Archie D. Neale,* of Chetopa, for the appellant.

*Charles Stephens, F. E. Dresia,* both of Columbus, and *E. L. Burton,* of Parsons, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover money. A demurrer to the petition was overruled, and defendant appeals.

Plaintiff was agent of the Missouri, Kansas & Texas Railway Company at Oswego. Nine carloads of sheep consigned to defendant arrived at Oswego at nine o'clock at night and were unloaded into the railway company's stock pens. The next morning defendant, without permission or authority, took the sheep away without paying the transportation charges, amounting to nearly $4,000. Plaintiff sent the freight bill to defendant by messenger. The messenger was unable to find defendant, because he was absent from the city. When he returned he refused to pay the bill. Plaintiff reported the occurrence to the proper officer of the railway company and besought defendant to pay the bill, which he persistently refused to do. Plaintiff, through fear of losing his position with the railway company, which was his only means of livelihood, suffered great mental distress and verged upon nervous collapse. Defendant took advantage of plaintiff's condition to induce plaintiff to pay one-half the freight bill, defendant paying the other half. In connection with the payment the following peculiar writing was signed by the parties:

"Whereas, there is a misunderstanding about the payment of freight and feed on 2,600 lambs shipped from California about November, 1920, it is agreed

between W. J. Farrar and Fred Perkins that each pay one-half of the freight, and when the freight is collected from T. L. Pittman or the Pittman Live Stock Co., it shall be divided equally between said Farrar and Perkins. If the freight shall be paid in sheep or lambs, and there is a loss on them, the loss shall be shared equally, and all expense in collecting, including attorney fees, if any, shall be shared equally.

"With this agreement said Farrar acknowledges the receipt of $1,859.39 from Perkins, which is paid to him with the understanding that he advance an equal amount this day."

As a part of the transaction, defendant made misrepresentations of fact relating to Pittman's financial standing.

On the face of the petition, plaintiff, as agent of the carrier, rested under duty to his employer to keep possession of the sheep until transportation charges were paid. By wrongfully taking possession without paying the charges, and by refusing to pay the charges after gaining possession, defendant placed plaintiff in a predicament which threatened heavy liability and loss of employment, and which drove him near to distraction. Payment of one-half the charges was made by plaintiff under constraint of the hazardous situation created by defendant's wrongful conduct, and at his instance and for his benefit. Formerly relief from unconscionable consequences of oppression was obtainable in equity on the ground of wrongful compulsion. The same relief is now obtainable on the ground of duress (*Milling Co. v. Gas & Electric Co.*, 115 Kan. 712, 225 Pac. 86); and whenever the free agency of one party to a transaction has been overcome by conduct of the other, or by constraint for which the other is responsible, the transaction is voidable for duress. (*Galusha and another v. Sherman and others*, 105 Wis. 263, 277; 6 R. C. L. 638.)

Plaintiff's advancement was made and the contract was signed under moral duress. They were without consideration and were induced by fraud. Plaintiff was the proper party to sue for the money and for cancellation of the contract. Defendant's advancement was of money which he should have paid plaintiff for the carrier, and the money having been paid to the carrier, plaintiff is under no obligation to return it as a condition of obtaining relief. In other respects the petition stated a cause of action.

The judgment of the district court is affirmed.